SUMMARY ORDER

Petitioner Ali Dib Alawie, a native and citizen of Lebanon, seeks review of an August 4, 2008 order of the BIA, affirming the December 15, 2006 decision of Immigration Judge (“IJ”) Gabriel C. Videla, which denied his request for a continuance to prepare an application for asylum, withholding of removal, and relief under the Convention Against Torture. In re Ali Dib Alawie, No. A97 513 083 (B.I.A. Aug. 4, 2008), aff'g No. A97 513 083 (Immig. Ct. N.Y. City Dec. 15, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s denial of a motion for continuance for abuse of discretion. See Rajah v. Mukasey, 544 F.3d 449, 453 (2d Cir.2008). An IJ abuses his discretion in denying a request for a continuance, “if: (l)[his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding[;] or (2)[his] decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions.” Id. (Internal quotation marks omitted)
The IJ did not abuse his discretion in denying Alawie’s request for a continuance. Alawie concedes that the IJ’s decision did not rest on an error of law or fact and a review of the record reveals that, contrary to Alawie’s argument, the IJ reasonably found that Alawie failed to demonstrate good cause for his failure to file his application for relief by the set deadline. See 8 C.F.R. § 1003.29 (providing that the IJ “may grant a motion for continuance for good cause shown.”). Indeed, the IJ provided Alawie two and a half months to file his application for relief and informed him that any application would be deemed waived if he failed to file his application by the deadline. Moreover, the IJ reasonably *43 found that Alawie’s decision to switch lawyers did not, without more, constitute good cause for his delay in filing his application for relief, particularly where his former attorney withdrew as counsel after receiving no response from Alawie to requests for information to assist in the preparation of an application for relief. Accordingly, we find that the IJ did not abuse his discretion in denying Alawie’s request for a continuance. See Rajah, 544 F.3d at 453.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).